IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:11CV 122 |
| | ) |
| 2006 LAMBORGHINI GALLARDO SPYDER, VIN ZHWGU22T26LA03893, | ) ) ) |
| | ) |
| 2008 PORSCHE CAYENNE SUV, VIN WP1AC29PX8LA83016, | ) ) |
| | ) |
| 2008 BENTLY FLYING SPUR, VIN SCBBBR93W98C055840, | ) ) |
| | ) |
| ULYSSE NARDIN MAXI MARINE 42 MM DIAMETER MEN'S WATCH WITH A ROSE GOLD COLORED BODY (GTS 18KRG MAXI GMT 42MM) | ) ) ) ) |
| | ) |
| 5.16 CARAT ROUND DIAMOND WITH RING (5.16 CT RD 1 SI/LDS ENG RING), | ) ) |
| | ) |
| CARTIER PASHA WHITE GOLD WATCH WITH DIAMONDS ON 42 MM WATCH FACE, SILVER IN COLOR (GTS 18KWG PASHA 42 MM, SIL), | ) ) ) ) |
| | ) |
| PLATINUM PRINCESS CUT DIAMOND EAR RINGS (PLT PR EAR FVS2 ES12), | ) ) |
| | ) |
| CHOPARD'S MEN'S SPORTS WATCH WITH BLACK FACE AND BLACK STRAP (GTS SS MILLE MIGLIA, BLK), | ) ) ) |
| | ) |
| CHOPARD'S MEN'S CUFFLINKS (GTS SS CUFFLINKS MILLE), | ) ) |
| | ) |
| 15.01 CARATS FLY/VS2 MICRO SET SURROUNDING SHANK | ) ) |
| | ) |

CHIMENTO 18 CARAT ROSE GOLD LADIES )
RING WITH WHITE CACHALONG STONE IN )
THE MIDDLE (8KRG W. CACHALONG RING), )
                                               )
CHIMENTO 18 CARAT ROSE GOLD )
NECKLACE WITH DIAMONDS AND )
CACHALONG STONE (18KRG W. )
CACHALONG NECKLACE), )
                                                 )
AND )
                                                 )
$190,117.00 in U.S. CURRENCY )
                                                 )
      Defendants. )

## COMPLAINT FOR FORFEITURE IN REM

COMES NOW the plaintiff, United States of America, by and through Neil H. MacBride,

United States Attorney for the Eastern District of Virginia, and G. Wingate Grant, Assistant

United States Attorney, and alleges the following against the defendants, 2006 Lamborghini

Gallardo Sypder, VIN ZHWGU22T26LA03893; 2008 Porsche Cayenne SUV, VIN

WP1AC29PX8LA83016; 2008 Bentley Flying Spur, VIN SCBBBR93W98C055840; Ulysse

Nardin Maxi Marine 42 MM diameter men's watch with a rose gold colored body (GTS 18KRG

Maxi GMT 42MM); 5.16 Carat Round Diamond with Ring (5.16 CT RD 1 SI/LDS Eng Ring);

Cartier Pasha white gold watch with diamonds on 42 MM watch face, silver in color (GTS

18KWG Pasha 42 MM, Sil); Platinum Princess Cut Diamond Ear Rings (PLT Pr Ear FVS2

ES12); Chopard men's sports watch with black face and black strap (GTS SS Mille Miglia,

Blk); Chopard men's cufflinks (GTS SS Cufflinks Mille); 15.01 Carats FLY/VS2 Micro Set

Surrounding Shank; Chimento 18 carat rose gold ladies ring with white cachalong stone in the

middle (18KRG W. Cachalong Ring); Chimento 18 carat rose gold necklace with diamonds and

cachalong stone (18KRG W. Cachalong Necklace); and $190,117.00 in U.S. Currency

(hereinafter "defendants").

## JURISDICTION AND VENUE

1.  This Court has original, exclusive jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1355 (b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.  Venue also lies in this district pursuant to 18 U.S.C. § 981(h) because a related criminal prosecution is pending in this district.

3.  This is a civil forfeiture action in rem brought to enforce 18 U.S.C. § 981(a)(1)(C), which provides in pertinent part that  "any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title) or a conspiracy to commit such offense" shall be forfeited to the United States.

## THE DEFENDANTS IN REM

4.  The defendants were subject to federal seizure warrants issued by this Court and executed on September 9, 2010 and September 14, 2010 by Special Agent Eric J. Norman of the Federal Bureau of Investigation as property constituting the proceeds of a mail fraud conspiracy and mail fraud violations.

5.  The defendants are now and during the pendency of this action will be within the jurisdiction of this Court.

## FACTS

**The Mail Fraud Conspiracy**

6.  The mail fraud conspiracy stems from Christian M. Allmendinger (hereinafter

3

"Allmendinger") and Adley H. Abdulwahab' s (hereinafter "Abdulwahab") ownership of and involvement with numerous businesses that acquired and marketed life settlements to investors. These businesses included, but were not limited to: A&O Resource Management, Ltd.; A&O Capital Management, LLC; Houston Tanglewood Partners, LLC; A&O Bonded Life Assets, LLC; A&O Bonded Life Assets Management, LLC; A&O Life Fund, LLC; A&O Life Fund Management, LLC; A&O Life Funds, LP; Life Fund 5.1, LLC; Life Fund 5.1 Management, LLC; Life Fund 5.2, LLC; Life Fund 5.2 Management, LLC; AB Revocable Living Fund, LLC; and AB Revocable Living Fund Management, LLC (collectively referred herein as "A&O").

7.  Allmendinger held the title of Vice-President of A&O and was active in the day-to-day management of the companies, as well as in the marketing of A&O life settlement investment products to investors.  Abdulwahab owned and operated a company named CA Houston Investment Center ("HIC") that marketed A&O's life settlement investment products to investors.

8.  Allmendinger and Abdulwahab made and caused to be made a number of misrepresentations to investors when selling and marketing investments in life insurance policies. As a direct result of the misrepresentations, A&O entities received millions of dollars in investor funds which were maintained in various A&O accounts.  Allmendinger and Abdulwahab misappropriated a large portion of these investors funds by: (1) transferring or causing the transfer of investors' funds into their personal bank accounts; or (2) using investors' funds to make payments on credit card accounts used for personal expenses, including in some instances the purchase of the defendant property described herein.

9.  The mail fraud scheme began in or about November 2004 and continued until

4

September 7, 2010, the date Allmendinger and Abdulwahab were indicted. Specifically, the mail

fraud conspiracy included the use of mail to the receive investors' checks and other

correspondence between A&O's office in Houston, Texas and investors and a sales agent located

in Richmond, Virginia (as well as investors and sales agents in numerous other states).

Allmendinger and Abdulwahab are defendants in a mail fraud, money laundering and securities

fraud prosecution, as detailed in the eighteen-count superseding indictment in the matter of

United States v. Christian M. Allmendinger, et al.. See Case No. 3:10CR248. The Superseding

Indictment charges Allmendinger with mail fraud conspiracy; three counts of mail fraud; money

laundering conspiracy; three counts of money laundering; and two counts of securities fraud.

Abdulwahab is charged with mail fraud conspiracy; six counts of mail fraud; money laundering

conspiracy; six counts of money laundering; and four counts of securities fraud.

      10.    Beginning on or about October 4, 2005 and continuing until on or about September

4, 2007, in excess of $3.3 million in proceeds of the crimes described above and obtained by

A&O were transferred into bank accounts controlled by Allmendinger.

**The Defendants**

*2006 Lamborghini Gallardo Spyder, VIN ZHWGU22T26LA03893*

      11.    On October 4, 2005, Allmendinger purchased a 2005 Aston Martin DB9 Coupe

from Star Motor Cars of Houston, Texas for $171,000.00.

      12.    On August 3, 2006, Allmendinger traded in the 2005 Aston Martin DB9 Coupe

and purchased a 2006 Lamborghini Gallardo Spyder, VIN ZHWGU22T26LA03893 from

Lamborghini Houston for $244,630.01. A trade in allowance for $128,500 was allowed for a

2005 Aston Martin DB9 Coupe. The net due for the purchase was $116,130.01, which was paid

5

by Allmendinger.

*2008 Porsche Cayenne SUV, VIN WP1AC29PX8LA83016*

13.    On November 28, 2005, Allmendinger purchased a 2003 Range Rover VIN #
SALME11413A118043 from Nxcess Motorcars of Houston, Texas for $55,000.00.

14.    On June 2, 2007, Allmendinger traded in the 2003 Range Rover VIN #
SALME11413A118043 and purchased a 2008 Porsche Cayenne VIN # WP1AC29PX8LA83016
from Momentum Porsche of Houston, Texas for $112,220.51 (list price plus taxes and fees).  A
trade in allowance of $35,000 was allowed for a 2003 Range Rover VIN #
SALME11413A118043.  The net due for the purchase was $77,220.51, which was paid by
Allmendinger.

*2008 Bentley Flying Spur, VIN SCBBBR93W98C055840*

15.    On May 19, 2006, Allmendinger purchased a 2006 Maserati Quattroporte VIN #
ZAMCE39A060020877 from Lamborghini Houston for $110,943.64 (list price plus taxes and
fees).

16.    On October 31, 2008, Allmendinger traded in the 2006 Maserati Quattroporte VIN #
ZAMCE39A060020877 and purchased a 2008 Bentley Flying Spur, VIN
SCBBBR93W98C055840 from Park Place Motors for $173,603.39 (list price plus taxes and
fees).  A trade allowance for $47,000.00 was allowed for a 2006 Maserati Quattroporte VIN #
ZAMCE39A060020877.  The net due for the purchase was $126,603.39, which was paid by
Allmendinger.

*Ulysse Nardin Maxi Marine 42 MM diameter men's watch with a rose gold colored body
(GTS 18KRG Maxi GMT 42MM)*

17.    On February 13, 2006, ALLMENDINGER purchased a Ulysse Nardin Maxi

6

Marine 42 MM diameter men's watch with a rose gold colored body (GTS 18KRG Maxi GMT 42MM) from Zadok Jewelers for $13,639.50.

*5.16 Carat Round Diamond with Ring (5.16 CT RD 1 SI/LDS Eng Ring)*

18.    On May 27, 2006, Allmendinger  purchased a 5.16 Carat Round Diamond with Ring (5.16 CT RD 1 SI/LDS Eng Ring) from Michael Klein's Fine Jewelry for $42,109.25.

*Cartier Pasha white gold watch with diamonds on 42 MM watch face, silver in color (GTS 18KWG Pasha 42 MM, Sil)*

19.    On July 15, 2006, Allmendinger purchased a GTS 18KWG Pasha 42 MM, Sil; Cartier Pasha white gold watch with diamonds on 42 MM watch face, silver in color from Zadok Jewelers for $28,112.53.

*Platinum Princess Cut Diamond Ear Rings (PLT Pr Ear FVS2 ES12)*

20.    On September 12, 2006, Allmendinger purchased Platinum Princess Cut Diamond Ear Rings (PLT Pr Ear FVS2 ES12) from Michael Klein's Fine Jewelry for $12,232.25.

*Chopard men's sports watch with black face and black strap (GTS SS Mille Miglia, Blk) and Chopard men's cufflinks (GTS SS Cufflinks Mille)*

21.    On December 6, 2006, Allmendinger purchased a Chopard men's sports watch with black face and black strap (GTS SS Mille Miglia, Blk) and Chopard men's cufflinks (GTS SS Cufflinks Mille) from Zadok Jewelers for a total of $3,924.06.

*15.01 Carats FLY/VS2 Micro Set Surrounding Shank*

22.    On June 13, 2007, Allmendinger purchased a 15.01 Carats FLY/VS2 Micro Set Surrounding Shank from Julius Klein Diamonds, L.L.C. for $149,500.00.

7

*Chimento 18 carat rose gold ladies ring with white cachalong stone in the middle
(18KRG W. Cachalong Ring) and Chimento 18 carat rose gold necklace with diamonds
and cachalong stone (18KRG W. Cachalong Necklace)*

23.     On September 11, 2007, Allmendinger purchased an Chimento 18 carat rose gold

ladies ring with white cachalong stone in the middle (18KRG W. Cachalong Ring) and Chimento

18 carat rose gold necklace with diamonds and cachalong stone (18KRG W. Cachalong

Necklace) from Zadok Jewelers for a total of $5,447.69.

*$190,117.00 in U.S. Currency*

24.     On September 9, 2010, a total of $188,370.00 in U.S. Currency was found in a safe

located in the residence of Allmendinger in Houston, Texas.

25.     On September 9, 2010, Mrs. Karen Allmendinger (hereinafter "Mrs.

Allmendinger"), the wife of Christian Allmendinger, stated to investigators that the currency in

the safe was money that she and Allmendinger had accumulated over the years. She stated that

some of the cash was from cash withdrawals that she and Allmendinger made from bank

accounts over time.

26.     Mrs. Allmendinger stated she put approximately $60,000.00 of the money into the

safe.

27.     A records check with the Texas Workforce Commission did not reflect any record of

employment income in the state of Texas for Mrs. Allmendinger. This check was run using Mrs.

Allmendinger's social security number in order to also capture any information reported under

her maiden name.

28.     Mrs. Allmendinger told investigators that she has not worked since having a baby

in 2007. Prior to that time, she stated that she worked briefly for A&O from late 2005 through

8

March 2006 receiving $5,000 per month as income and commissions on sales, but that she never made any sales.

29. The defendant currency in the amount of $190,117 also includes $1,747.00 in U.S. Currency in a money clip found in the Master Suite of Allmendinger' s residence.

## PRAYER FOR RELIEF

30. The defendant property was purchased with the proceeds of a mail fraud conspiracy and mail fraud violations, in violation of 18 U.S.C. §§ 1349, 1341 and 2, and, therefore, constitutes property subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, plaintiff prays that due process issue to enforce the forfeiture and to give notice to all interested parties to appear and show cause why forfeiture should not be decreed, and that the defendant property be condemned as forfeited to the United States for disposition according to law.

Respectfully submitted,

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _Jessica A. Brumberg_
G. Wingate Grant
Jessica A. Brumberg
Assistant United States Attorneys
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: 804/819-5400
Fax: 804/771-2316
Email:wingate.grant@usdoj.gov

9

## **VERIFICATION**

I, Steven Noldin, Special Agent, Federal Bureau of Investigation, declare under penalty of perjury as provided by 28 United States Code § 1746, that the foregoing Complaint for Forfeiture *In Rem* is based on information reviewed by me personally and furnished to me by other federal agents, and that everything contained therein is true and correct to the best of my knowledge.

Executed at Richmond, Virginia, this /8 of February 2011.


Special Agent Steven Noldin
Federal Bureau of Investigation

10